## PRAY *v.* TORR.

One who has proved his debt under the bankrupt law of Aug. 19, 1841, cannot afterwards maintain an action upon it.

ASSUMPSIT, upon a promissory note, dated December 4, 1840. The plea, which was in due form, alleges, among other things, that the defendant, being a resident, &c., duly filed his petition to be declared a bankrupt, &c., under the act to establish a uniform system of bankruptcy throughout the United States, in the District Court of the United States for the district of New-Hampshire, on the 24th of September, 1842; that he was declared a bankrupt, October 18, 1842; that the plaintiff, on the 28th of October, 1842, duly proved his claim aforesaid, in said district court, against the defendant; and that the defendant, on the 15th of February, 1843, was duly discharged as a bankrupt, by said district court, from all claims and demands existing against him, &c., on said 24th day of September, 1842; that the plaintiffs' claim was provable, and not fiduciary.

The replication, in due form, charged upon the defendant fraud on said 24th day of September, in not *bonâ fide* surrendering all his property, &c., agreeably to said act of Congress; and gave special notice of the alleged fraud.

The defendant demurred, and assigned the following causes of demurrer, to wit:

1. Because the plaintiff, having proved his aforesaid claim against the defendant, in said district court, as aforesaid, and having the same duly allowed, as proved by said district court, is barred from maintaining any other action upon said original claim.

2. Because said original claim, to wit, the promissory note declared on by the plaintiff, has merged and passed

Pray *v.* Torr.

into judgment, as aforesaid, in said district court, and no action of assumpsit can be maintained thereon.

In which demurrer the plaintiff joined.

*Hale & Wiggin,* for the plaintiff.

*Woodman,* for the defendant.

GILCHRIST, J.   To bar the plaintiff's action, the defendant pleads that the debt which it is brought to recover was proved by the plaintiff under certain proceedings instituted by the defendant, under the late bankrupt law.

A leading purpose of that act was to subject the property of those, who, upon their own petition, or upon the proceedings of their creditors, were brought within its operation, to a ratable distribution among their creditors.

Another was, to relieve from the embarrassments incident to their position, those who, not having property sufficient to satisfy the legal claims of their creditors, were willing to subject all that they had for distribution *pro rata* among such of their creditors as would accept it in full satisfaction of their claims.

It is plain that this last object would be wholly defeated if a creditor, having taken his dividend, should still be permitted to bring fresh suits against the bankrupt for such balances as might remain unpaid.

The act, therefore, provided (sect. 5) that "no creditor, or other person coming in and proving his debt or other claim, shall be allowed to maintain any suit at law or in equity therefor, but shall be deemed thereby to have waived all right of action and suit against such bankrupt." And this provision was wholly irrespective of the result of the debtor's proceedings to obtain a general discharge from all his debts that were provable under the act.

The replication of fraud is, therefore, immaterial in this

case. Where there is such fraud or concealment, its detection will enure to the benefit of the creditor who proves his debt, by the agency of the assignee in taking possession of the discovered assets, and making fresh distribution among those entitled.

The plea alleged that the defendant procured his discharge and certificate; and if that were all, the plaintiff might well have replied the fraud according to the fourth section of the act, which provides for the benefit of those who have not become parties to the bankrupt's proceedings.

But the allegation was an immaterial one, and the act of the plaintiff by which he made himself a party to the proceedings in the district court, was well pleaded, and constitutes, without doubt, a sufficient bar, by the very terms of the statute. There must, therefore, be

*Judgment for the defendant upon the demurrer.*